IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40650
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK RAUL SAGASTUME-PORTILLO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-43-1
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this appeal following his guilty-plea conviction for illegally reentering the United States after having been deported, Erick Raul Sagastume-Portillo argues that a prior felony conviction is an element of the offense of illegal reentry, and that because the element of a prior felony conviction was not included in his indictment, his sentence should be vacated and he should be resentenced under a maximum term of two years. Portillo acknowledges that in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that a prior felony conviction under 8 U.S.C. § 1326(b)(2) was merely a sentencing factor and thus need not be included in the indictment.  He notes, however, that in its subsequent decision in <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362 (2000), the Supreme Court stated that it was arguable that <u>Almendarez-Torres</u> was decided incorrectly.

Because Portillo failed to raise his challenge in the district court, review is for plain error.  See <u>United States v. Meshack</u>, 225 F.3d 556, 575 (5th Cir. 2000).

In light of the clear precedent of <u>Almendarez-Torres</u>, Portillo has failed to show error, plain or otherwise, in his indictment or sentence.  See <u>United States v. Dabeit</u>, __ F.3d __ (5th Cir., Oct. 30, 2000, No. 00-10065) 2000 WL 1634264 at *4. The judgment of the district court is thus AFFIRMED.